IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TEAGUE A. DUNCAN                                                                PLAINTIFF

v.                                                              CAUSE NO. 1:14CV332-LG-JCG

GABRIEL J. SIMON, II; USAA CASUALTY
INSURANCE COMPANY; and LM GENERAL
INSURANCE COMPANY                                                          DEFENDANTS

ORDER GRANTING IN PART AND DENYING IN
PART LM GENERAL INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is the Motion for Summary Judgment [36] filed by the defendant LM General Insurance Company.  The plaintiff Teague A. Duncan has filed a response in opposition to the Motion, and LM General has filed a reply.  After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that LM General's Motion should be granted in part and denied in part.

BACKGROUND

Duncan, a Virginia resident, suffered serious injuries in a single motor vehicle accident caused by the defendant Gabriel Simon.[1]  Simon's vehicle was insured by a USAA Casualty Insurance Company policy providing $25,000 in liability coverage and $25,000 in underinsured motorists coverage.  Duncan was the named insured on a LM General policy providing $100,000 in uninsured/underinsured motorists coverage.  (LM's Mot., Ex. C at LM-050, ECF No. 10-3).  Duncan was also an insured under his

---

[1] A more complete discussion of the facts of this case is included in this Court's Memorandum Opinion and Order Concerning the Parties' Motions for Summary Judgment [34] and is incorporated herein by reference.

father's LM General policy, which insured three vehicles and provided $250,000 in uninsured/underinsured motorists coverage.[2]  (LM's Mot., Ex. D at LM-002, ECF No. 10-4).

Duncan filed this lawsuit against Simon, USAA, and LM General, seeking payment for damages he suffered in the February 7, 2014 accident.  He also seeks extra-contractual and punitive damages from LM General.  Simon has not made an appearance in this lawsuit.  USAA filed a Motion for Summary Judgment, asserting that Duncan was not entitled to underinsured motorists coverage under the USAA policy, because any liability payment made under the USAA policy would offset the uninsured motorists coverage available under the policy.  Duncan and LM General each filed Cross-Motions for Partial Summary Judgment regarding the amount of underinsured motorists coverage provided under Duncan's LM General policy and Duncan's father's LM General policy.  In a Memorandum Opinion and Order Concerning the Parties' Motions' for Summary Judgment [34], this Court held: (1) USAA's Motion for Summary Judgment was premature, because USAA had not yet made any payment to Duncan; (2) $75,000 in underinsured motorists coverage is available under Duncan's LM General policy; and (3) $250,000 in underinsured motorists coverage is available under Duncan's father's policy.  It is undisputed that LM General has paid the $325,000 owed to Duncan under the policies issued to Duncan and his father.

---

[2] The parties do not dispute that the LM General policies are governed by Virginia law.

## DISCUSSION

LM General has filed the present Motion for Summary Judgment, seeking a determination that Duncan has no remaining claim for contractual, extra-contractual, or punitive damages against LM General. In his response to the Motion, Duncan argues that LM General's Motion should be denied because USAA has not made payment to Duncan, and there is a possibility that USAA may deny coverage for this accident due to Simon's failure to cooperate with USAA in the defense of this lawsuit.[3]

Under Virginia law, the definition of "uninsured motor vehicle" includes a motor vehicle for which there is liability and property damage coverage "but the insurer writing the insurance denies coverage for any reason whatsoever, including failure or refusal of the insured to cooperate with the insurer . . . ." Va. Code Ann. § 38.2-2206. If USAA successfully denies coverage to Simon due to his failure to cooperate, Simon will no longer be considered an underinsured motorist but an uninsured motorist, which would increase LM General's liability to Duncan. As a result of the uncertainty of USAA's position regarding coverage under its policy for this accident, the Court finds that it cannot grant summary judgment in favor of LM General as to Duncan's contractual claims at this time.[4]

---

[3] In response to the Motion for Summary Judgment filed by USAA, Duncan asserted that USAA had tendered the policy limits under the portion of its policy providing liability coverage, but Duncan did not accept the offer because he feared that settlement with USAA would impair his right to seek benefits from USAA's insured and others. It is unclear if or when USAA has expressed an intention to deny coverage.

[4] There is no need to amend this Court's prior Memorandum Opinion and Order Concerning the Parties' Motions for Summary Judgment [34], which concerned the amount of underinsured motorists coverage owed by LM General, at this time, but that

The question of whether LM General will eventually owe additional contractual damages due to USAA's potential denial of coverage has no bearing on whether LM General should be required to pay punitive or extra-contractual damages. Thus, the Court must next determine whether Duncan has a bad faith claim against LM General.

> It is firmly established that in a first-party Virginia insurance relationship, liability for bad faith conduct is a matter of contract rather than tort law. The obligation arises from the agreement and extends only to situations connected with the agreement. Indeed, Virginia is among the jurisdictions that have declined to recognize a remedy in tort for refusal in bad faith to honor a first-party insurance claim.

*17th St. Assocs., LLP v. Markel Int'l Ins. Co. Ltd.*, 373 F. Supp. 2d 584, 599 (E.D. Va. 2005) (quoting *A&E Supply Co. v. Nationwide Mut. Fire Ins. Co.*, 798 F.2d 669, 676 (4th Cir. 1986)) (internal citations and quotation marks omitted). A plaintiff cannot recover punitive damages for breach of a contractual duty under Virginia law; the plaintiff must prove an "independent, willful tort, beyond mere breach of a duty imposed by contract." *Id.* Virginia permits plaintiffs to assert both a breach of contract and a tortious breach of duty as long as "the duty tortiously . . . breached [is] a common law duty, not one existing between the parties solely by virtue of the contract." *Id.* Attorney's fees cannot be awarded under Virginia law "unless the court determines that the insurer, not acting in good faith, has either denied coverage or failed or refused to make payment to the insured under the policy." Va. Code Ann. § 38.2-209.

Duncan has not demonstrated that LM General breached any duty owed under

---

opinion can be amended, if necessary, "at any time before the entry of a judgment adjudicating all claims and all the parties' rights and liabilities." *See* Fed. R. Civ. P. 54(b).

the policies at issue, and he has not alleged an independent, willful tort on the part of LM General. Since Duncan has not asserted any tortious breach of duty and a bad faith claim is not recognized under Virginia law, Duncan is entitled to summary judgment as to Duncan's claim for punitive damages. Duncan also has not provided any argument or evidence justifying an award of extra-contractual damages. As a result, the Court finds that LM General's Motion should be granted as to Duncan's demand for punitive and extra-contractual damages.

## CONCLUSION

For the foregoing reasons, the Court finds that LM General is entitled to summary judgment as to Duncan's requests for punitive and extra-contractual damages and denied in all other respects.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Summary Judgment [36] filed by the defendant LM General Insurance Company is **GRANTED** as to Duncan's requests for punitive and extra-contractual damages, and **DENIED** in all other respects.

**SO ORDERED AND ADJUDGED** this the 28th day of August, 2015.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE